UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY MCPHERSON,<br><br>         Petitioner,<br><br>    v.<br><br>ROB ST. ANDRE,[1]<br><br>         Respondent. | No. 2:23-cv-1014 WBS KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, proceeds pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss this action alleging the petition was filed beyond the one-year statute of limitations. 28 U.S.C. § 2244(d). As set forth below, the undersigned recommends that the motion be granted.

I. No Substantive Opposition

On August 23, 2023, respondent filed the motion to dismiss. (ECF No. 26.) On October 27, 2023, petitioner filed a document styled, "Pleading to William B. Shubb." (ECF No. 53.) In this filing, petitioner claims that the court is "disrespecting" his petition, and contends he has

---

[1] The Warden of High Desert State Prison is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

1    provided factual evidence justifying his release, and seeks his immediate release. (Id.) However,
2    petitioner did not file a substantive opposition to the motion. In addition, petitioner previously
3    filed a series of documents claiming he is entitled to immediate release.[2]

4       On September 29, 2023, the undersigned noted that petitioner failed to file a timely
5    opposition to the motion to dismiss, and ordered petitioner to show cause, within 21 days, why
6    his failure to oppose the motion should not be deemed a waiver of any opposition to the granting
7    of the motion. (ECF No. 44.) Petitioner was cautioned that failure to respond to the order to
8    show cause or to file an opposition to the pending motion to dismiss would result in a
9    recommendation that this action be dismissed. (Id.)

10      Twenty-one days passed, and petitioner did not file a substantive opposition to the motion
11   to dismiss. Instead, petitioner continued to file a series of documents claiming he is entitled to
12   immediate release. (ECF Nos. 45-53.) In his October 16, 2023 filing, styled "Motion for Relief
13   for Lack of Jurisdiction," petitioner claims that an order to show cause can only be issued to a
14   respondent, not a state prisoner, and objects that respondent never filed a responsive pleading.
15   (ECF Nos. 51, 52.) However, respondent is permitted to file a motion to dismiss under Rule
16   12(b) of the Federal Rules of Civil Procedure. See Rule 12, 28 U.S.C. foll. § 2254. "This circuit
17   allows a motion under Rule 12(b) any time before the responsive pleading is filed." See Smith v.
18   Wrigley, 2008 WL 2225627, at *1 (E.D. Cal. May 28, 2008) (denying habeas petitioner's motion
19   to strike respondent's motion to dismiss as untimely) (quoting Aetna Life Ins. Co. v. Alla Medical
20   Services, Inc., 855 F.2d 1470, 1474 (9th Cir. 1988)). Contrary to petitioner's belief that orders to
21   show cause can only be issued to respondents, any party may be ordered to show cause.

22      Petitioner also appears to contend the motion to dismiss is untimely. (ECF No. 51.)
23   However, on July 6, 2023, respondent was ordered to file a responsive pleading, whether an
24   answer or a motion to dismiss, within 60 days. (ECF No. 11.) Respondent's motion to dismiss

---

[2] In some of these filings, petitioner also complained that the undersigned was addressing petitioner's filings rather than the assigned district judge. However, on September 12, 2023, petitioner was informed that the undersigned addresses nondispositive motions by order, but that any dispositive motion would be addressed by findings and recommendations, which would then be reviewed and decided by Judge Shubb. (ECF No. 31 at 1.)

2

was filed on August 23, 2023, well before the 60 day deadline expired on September 4, 2023.

Finally, petitioner states that "[a]lthough there's no motion to oppose, [his] writ of habeas corpus petition shall be granted," citing cases confirming this court has the authority to order prisoners to be released from state prison. (ECF No. 50 at 2.) However, while this court has such authority, the petition for writ of habeas corpus must first be granted on the merits of the underlying petition. This court has not yet reached the merits of the petition.

In light of petitioner's filings, the undersigned declines to grant petitioner additional time to oppose the motion to dismiss, and now turns to respondent's motion to dismiss.

II. Motion to Dismiss

    A. Standards Governing Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

    B. Statute of Limitations

        1. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).[3]

### 2. Chronology[4]

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On October 4, 2019, petitioner pled guilty to murder and two counts of attempted murder, and to an enhancement based on use of a knife. (ECF Nos. 1, 27-1.) On November 22, 2019, petitioner was sentenced to an indeterminate state prison term of 26 years to life. (Id.)

2. Petitioner did not file an appeal.

3. Petitioner did not file a petition for review in the California Supreme Court.

4. On June 28, 2021, petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court. (ECF No. 27-2.) The petition was denied on July 26, 2021. (ECF No. 27-3.)

5. On October 27, 2022, petitioner filed a petition for writ of habeas corpus in the San Joaquin County Superior Court. (ECF No. 27-4.) The petition was denied on December 21, 2022. (ECF No. 27-3.)

////

---

[3] As set forth above and noted by respondent, the limitations period may begin running later under certain specified circumstances, 28 U.S.C. § 2244(d)(1)(B), (C), & (D), but none of these circumstances apply here.

[4] Under the mailbox rule, a pro se prisoner's habeas petition or other pleading is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). Petitioner is afforded the benefit of the mailbox rule for each petition identified herein.

6. On January 5, 2023, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (ECF No. 27-6.) The state appellate court denied the petition on February 6, 2023. (ECF No. 27-7.)

7. On January 12, 2023, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (ECF No. 27-8.) The state appellate court denied the petition on February 6, 2023. (ECF No. 27-9.)

8. On February 12, 2023, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 27-10.) The California Supreme Court denied the petition on May 17, 2023. (ECF Nos. 1 at 21, 27-11.)

9. On May 24, 2023, petitioner constructively filed the instant federal petition. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

### 3. Calculation of Limitations Period

For purposes of calculating the limitations period in this case, § 2244(d)(1)(A) applies. Petitioner was sentenced on November 22, 2019. Because petitioner did not file an appeal, the judgment became final sixty days later on January 21, 2020. Cal. R. Ct. 8.38(a); Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012). The limitations period began the next day, January 22, 2020. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Thus, the one-year limitation period commenced on January 22, 2020, and, absent tolling, expired on January 22, 2021.

### 4. Statutory Tolling

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

State habeas petitions filed after the one-year statute of limitations expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823

(9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Here, none of petitioner's state collateral actions were filed before the limitation period expired on January 22, 2021. Rather, petitioner's first state habeas petition was filed on June 28, 2021, over five months after the limitations period expired. Ferguson, 321 F.3d at 823; Jiminez, 276 F.3d at 482. Thus, petitioner is not entitled to any statutory tolling.[5]

5. Petitioner's Action is Untimely

The statute of limitations period expired on January 22, 2021. Petitioner did not file the instant action until May 24, 2023. Because petitioner filed this action over two years after the statute of limitations expired, this action is untimely, and respondent's motion should be granted.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Rob St. Andre, Warden of High Desert State Prison, is substituted as respondent in this matter.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 26) be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of

---

[5] Petitioner did not seek equitable tolling. It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

appealability "should issue . . . if the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim for the denial of a constitutional right, and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Petrocelli v. Angelone, 248 F.3d 877, 883-84 (9th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 478 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 2, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcph1014.mtd.hc.sol